*SAYLES v. LAKE SHORE & MICHIGAN SOUTHERN RY. CO,*

SAME *v.* CHICAGO & NORTHWESTERN RY. CO.

SAME *v.* CHICAGO, BURLINGTON & QUINCY RY. CO.

(*Circuit Court, N. D. Illinois.* October Term, 1879.)

</center>

In Chancery.

EXTRACT OF DECISION OF JUSTICE HARLAN ON DEMURRER TO BILL.

The third ground of demurrer is a question of limitation under the act of 1870. The act of 1870 contains this short provision : "All actions shall be brought during the term for which the letters patent shall be granted or extended, or within six years after the expiration thereof."

I am not referred by counsel on either side to any adjudication bearing directly upon the question. It is a question within a very small and narrow compass, and must be determined by a fair and reasonable construction of the language. I have reached a conclusion entirely satisfactory to my own mind, and I think that statute means that where the party sues for any infringement under the original term, he must bring his action within six years after the expiration of that term ; and when he sues for anything that has occurred under the extended term, he must sue within six years after the expiration of that extension; and that the statute does not mean, as contended for by the learned counsel for the complainant, that the party has the right to sue for an infringement, either under the original or extended term, within six years after the expiration of the extended term, and thus bring the suit within 27 years. I do not think that was the purpose of congress, and I therefore sustain the grounds of demurrer as to all causes of action.

Mr. Walker, interrupting the court in the delivery of its opinion, said :

"In the case of *Sloan* v. *Watterson* the supreme court of the United States, in an opinion delivered by Mr. Justice Bradley, held that statutes of limitation began to run as to rights of action that accrued prior to their passage, not at the time they accrued, but at the time the act was passed; so that, inasmuch as this statute of limitations was enacted in July, 1870, the case of *Sloan* v. *Watterson* will cause your honor to conclude, I think, that we had six years from the time it was enacted in which to bring our suits, and inasmuch as we brought our suits within six years from the time it was enacted, these suits, even as far as they refer to the rights of action under the first term, are not

barred. I did not make that point in the argument, for the simple reason that I desired to secure from your honor an expression on the subject for the benefit of the profession at large."

*The Court*—"Counsel has my opinion upon the showing as it was made, and, if there is any other view to be presented, I will hear him upon a petition for rehearing; but at present I should adhere to that opinion."

Now, one of the grounds of demurrer also is that for any time prior to July 7, 1865, the plaintiffs are barred by reason or by force of the statute of Illinois of February 4, 1849. I confess that as I thought about that question I could not understand logically why the provision of the state statute did not apply if there were no statute of the United States; but the weight of authority is the other way, and I think my business here holding this court is to be governed by the weight of authority. Purely upon the weight of authority, therefore, I overrule that view, and hold that the state statute of limitations has no application.